BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER SCHWABB
Assistant United States Attorney
Acting Chief, Criminal Division
PETER DAHLQUIST
Assistant United States Attorney
Chief, Riverside Office
COURTNEY N. WILLIAMS (Cal. Bar No. 339301)
Assistant United States Attorney
Riverside Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 368-1473
    Facsimile: (951) 276-6202
    E-mail:    Courtney.N.Williams@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JOSEPH BLANDON-SAAVEDRA,<br><br>      Defendant. | ED CR No. 25-310-KK<br><br><u>UNITED STATES' MOTION IN LIMINE TO ADMIT EVIDENCE OF BOTH CRASHES DURING TRIAL</u> |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Courtney N. Williams, hereby files its motion in limine to admit, at the trial in this matter, evidence of both automobile crashes charged in the indictment.

///

///

///

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 12, 2025         Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER SCHWABB
Assistant United States Attorney
Acting Chief, Criminal Division

PETER DAHLQUIST
Assistant United States Attorney
Chief, Riverside Office

        /s/
COURTNEY N. WILLIAMS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In an attempt to evade immigration authorities, defendant Joseph Blandon Saavedra, a Nicaraguan national, crashed his car into two law enforcement vehicles driven by officers M.P. and B.T.  Both crashes occurred within mere seconds of each other.  He is charged with two counts of assault on a federal law enforcement officer with a dangerous and deadly weapon and will stand trial on December 8, 2025.

The United States seeks to introduce evidence of both crashes during the trial even if the Court dismisses count two of the indictment.  Regardless of whether the Court dismisses count two, the conduct underlying count two is inextricably intertwined with the conduct charged in count one--and it therefore falls outside the scope of Federal Rule of Evidence 404--for two independent reasons.  First, defendant committed both assaults as part of a single criminal episode.  Both crashes occurred within seconds of each other, involve the same officers, and arise from defendant's singular attempt to evade authorities.  Second, the government needs to discuss both crashes to provide the full context of defendant's crimes and the officer's response to his crimes and to tell a coherent and comprehensible story regarding the commission of the crime charged in count one.

Alternatively, even if the crash charged in count two is extrinsic to the crash charged in count one, introducing evidence from both crashes still wouldn't violate Rule 404.  The conduct from count two is relevant to show defendant's deliberate intent to

3

assault both federal officers and demonstrate that his actions were not a mistake or an accident.

## II.  STATEMENT OF FACTS

### A.  Offense Conduct

On September 4, 2025, defendant was the target of an immigration enforcement operation.  (Dkt. 1, Compl. at ¶ 6.)  On that day, immigration officers saw a man--who matched defendant's description and A-File photograph--leave his home and get inside a black Toyota Corolla parked in front of the home.  (Id. at ¶ 9.)  Immigration officers followed defendant and attempted to initiate a traffic stop.  (Id. at 10.)  When they attempted to stop defendant, agents tried to box him in with their vehicles.  (Id. at ¶¶ 11-13.)  One officer with lights on inside his vehicle stopped in front of defendant.  (Id.)  Then another officer, M.P., pulled up behind defendant.  (Id.)  Defendant stopped his vehicle and then reversed his vehicle into M.P.'s vehicle with the officer inside (count one).  (Id. at ¶ 12.)  Then a third officer, B.T., pulled up to the front of defendant's vehicle on the driver's side, and defendant drove his car straight into B.T.'s vehicle while that officer was inside the vehicle (count two).  (Id. at 14.)  Officers arrested defendant on scene.

## III. ARGUMENT

### A.  Both Crashes are Inextricably Intertwined

Under the Federal Rules of Evidence, "'other act' evidence that is 'inextricably intertwined' with a charged offense is independently admissible and is exempt from the requirements of Rule 404(b)," which otherwise governs the admissibility of such evidence. United States v. Anderson, 741 F.3d 938, 949 (9th Cir. 2013) (quoting United States

1  v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012)).  There are generally
2  two categories of cases in which "other act" evidence is inextricably
3  intertwined with the crime charged.  United States v. Vizcarra-
4  Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995)).  First, is where the
5  evidence "constitutes a part of the transaction that serves as the
6  basis for the criminal charge."  Id.  Second, is where the evidence
7  is necessary to "to permit the prosecutor to offer a coherent and
8  comprehensible story regarding the commission of the crime," such as
9  to "explain either the circumstances under which particular evidence
10 was obtained or the events surrounding the commission of the crime."
11 Id. at 1013.  The latter category is admissible because the fact
12 finder "cannot be expected to make its decision in a void - without
13 knowledge of the time, place, and circumstances of the acts which
14 form the basis of the charge."  Anderson, 741 F.3d at 949 (internal
15 quotation omitted).
16      For example, in United States v. Williams, 989 F.2d 1061, 1070
17 (9th Cir.1993), the Ninth Circuit concluded that contemporaneous
18 sales of cocaine by the defendant were inextricably intertwined with
19 the crime with which the defendant was charged: the sale of cocaine.
20 The Court noted, "[t]he policies underlying rule 404(b) are
21 inapplicable when offenses committed as part of a 'single criminal
22 episode' become other acts simply because the defendant 'is indicted
23 for less than all of his actions.'"  Williams, 989 F.2d at 1070
24 (quoting United States v. Soliman, 813 F.2d 277, 278 (9th Cir.1987)).
25      In this case, the United States should be allowed to introduced
26 evidence of the crash in count two even if the Court dismisses this
27 count because evidence of this crime is inextricably intertwined with
28

5

count one and is necessary to tell a coherent and comprehensible story of the crime charged in count one.  First, the first and second crashes are part of a "single criminal episode," so evidence of count two is direct evidence of the crime charged in count one.  Both crashes happened within mere seconds of one another, both crashes happened in the same place and involve the same officers, and both crashes resulted from defendant's singular attempt to flee officers.  If the Ninth Circuit allowed the introduction of drug transactions that occurred weeks apart in Williams and considered those transactions part of a "single criminal episode," id. at 1071, then certainly two crashes that occurred seconds apart during the same attempt at flight are a "single criminal episode."

Second, evidence of the crash in count two is required to flesh out the circumstances surrounding the crash charged in count one.  Evidence of both crashes is necessary to tell a coherent and comprehensible story and allows the jury to make sense of the testimony in its proper context.  Because both crashes occurred in such close temporal and physical proximity, it is necessary to discuss them both to put defendant's illegal conduct into context and to discuss what officers did both before and after the first crash.  See Vizcarra-Martinez, 66 F.3d at 1013 ("the government is not restricted to proving in a vacuum the offense [charged]"); see also United States v. Daly, 974 F.2d 1215, 1216-17 (9th Cir. 1992) (in a prosecution for felon in possession of a firearm, holding that evidence of defendant engaging in a shootout with officers using the charged firearm during his arrest was inextricably intertwined with the charge because "[s]pecific evidence regarding the shoot-out was

6

necessary to put Daly's illegal conduct into context and to rebut his claims of self-defense").

More importantly, both crashes explain the basis for the police response. Without presenting evidence of both crashes, the jury would be left to wonder why the agents and officers were particularly concerned and why they exited their patrol units with their guns drawn. The fact that defendant had hit two separate officers' cars--one of which was directly in front of defendant's car--made it that much more likely that he was intentionally assaulting them. Excluding evidence of the second crash increases the chance that the jury will mistakenly believe that the officers acted too harshly during the arrest, which risks unfair prejudice in assessing the officers' credibility. Cf. United States v. Cruse, 805 F.3d 795, 810 (7th Cir. 2015) (affirming admission at trial of an out-of-court tip from a confidential informant to explain why officers acted as they did in targeting the defendant, noting that the tip "could dispel an accusation that the officers were officious intermeddlers staking out [the defendant] for nefarious purposes"). The government should be allowed to establish the context of the defendant's arrest.

### B. Even if Both Crashes are Not Inextricably Intertwined, Evidence of the Second Crash Wouldn't Violate Rule 404(b)

Alternatively, the United States should be allowed to admit evidence of both crashes to prove defendant's intent and lack of mistake. Rule 404(b) doesn't exclude evidence of "other crimes, wrongs, or acts" committed by a defendant if offered for reasons other than to show the defendant's criminal propensity. United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982); United States v. Flores-Blanco, 623 F.3d 912, 919 (9th Cir. 2010). This

7

1  Court liberally construes Rule 404(b) as a rule of "inclusion" and
2  has stated that evidence is deemed admissible under Rule 404(b) if it
3  is admissible on any ground other than to show propensity.  United
4  States v. Jackson, 84 F.3d 1154, 1159 (9th Cir. 1996); United States
5  v. Bradshaw, 690 F.2d 704, 708 (9th Cir. 1982).  Permissible reasons
6  include "proof of motive, opportunity, intent, preparation, plan,
7  knowledge, identity, or absence of mistake or accident."  Fed. R.
8  Evid. 404(b).  Evidence may be admitted pursuant to Rule 404(b) if
9  "(1) the evidence tends to prove a material point; (2) the other act
10 is not too remote in time; (3) the evidence is sufficient to support
11 a finding that defendant committed the other acts; and (4) (in
12 certain cases) the act is similar to the offense charged."  United
13 States v. Chea, 231 F.3d 531, 534 (9th Cir. 2000) (citation omitted).
14     Here, evidence of both crashes satisfies the Rule's four
15 requirements.  Chea, 231 F.3d at 534.  First, it tends to prove a
16 material point: that defendant deliberately and intentionally struck
17 both federal officers with his car.  The fact that defendant crashed
18 his car into two separate officers tends to show that the crash in
19 count one was not a mistake or an accident.  See United States v.
20 Cherer, 513 F.3d 1150, 1157 (9th Cir. 2008) (evidence of prior acts
21 going to a defendant's state of mind should generally be admitted).
22 Second, it covers acts recent in time; both crashes occurred within
23 seconds of each other.  Third, the testimony of the officers and the
24 photographs are sufficient to support a finding that defendant
25 committed the other crash.  Fourth, the crash in count two is the
26 same as the charged offense in count one.
27
28

8

If the evidence is offered for a permissible reason, "the 'only' conditions justifying the exclusion of the evidence are those described in Rule 403." United States v. Curtin, 489 F.3d 935, 944 (9th Cir. 2007).

### C. Rule 403 Does Not Exclude the Evidence Under 403

After analyzing Rule 404(b), the district court must engage in a Rule 403 balancing. United States v. Vo, 413 F.3d 1010, 1018 (9th Cir. 2005). Federal Rule of Evidence 403 only permits the Court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Rule 404(b) evidence "is not rendered inadmissible because it is of a highly prejudicial nature. . . . The best evidence often is." United States v. Parker, 549 F.2d 1217, 1222 (9th Cir. 1997) (internal citation omitted). For the evidence to be excluded, there must be unfair prejudice substantially outweighing the highly probative evidence. United Stats v. Skillman, 922 F.2d 1370, 1374 (9th Cir. 1990) ("'Unfair prejudice,' within the meaning of the rule occurs when the evidence has 'an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'").

Further, to the extent there may be some risk of unfair prejudice, the Court should use a limiting instruction to reduce the risk. See, e.g., Stanley, 859 F. App'x at 105; Dubria v. Smith, 224 F.3d 995, 1002 (9th Cir. 2000) (en banc); Vo, 413 F.3d at 1017; Arambula-Ruiz, 987 F.2d at 604; United States v. Bradshaw, 690 F.2d 704, 709 (9th Cir. 1982); United States v. Manning, 56 F.3d 1188, 1197 (9th Cir. 1995).

At trial, defendant's defense will be that the federal officers crashed into him. Evidence of both crashes are highly relevant to the central issue of intent. Testimony from two separate officers stating that defendant intentionally crashed into them makes defendant's defense more unlikely. Indeed, evidence that defendant intentionally struck B.T.'s car makes it more likely that defendant intentionally struck M.P.'s car because it's less likely that someone would be involved in two entirely innocent accidents so close in time. That inference doesn't rely at all on defendant's character, so Rule 404 doesn't exclude the evidence. The significant probative value is not outweighed--much less substantially outweighed--by the risk of unfair prejudice. Indeed, the Ninth Circuit has upheld the admission of considerably more prejudicial Rule 404(b) evidence under a Rule 403 analysis. See, e.g., United States v. Hadley, 918 F.2d 848, 848 (9th Cir. 1990) (affirming admission of prior instances of sexual molestation in a sexual abuse case, even where some of the instances had occurred more than ten years earlier); United States v. Boise, 916 F.2d 497, 502 (9th Cir. 1990) (affirming admission of evidence of prior abuse of child in murder case). To the extent that they pose any risk of unfair prejudice, the Court can mitigate that risk with a limiting instruction.

**IV.  CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court allow the United States to admit evidence of both crashes in count one and count two of the indictment.