CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
AYAH A. SARSOUR (Bar No. 340280)
E-Mail: Ayah_Sarsour@fd.org
Deputy Federal Public Defender
CHAD PENNINGTON (Bar No. 354831)
E-Mail: Chad_Pennington@fd.org
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone: (951) 276-6346
Facsimile: (951) 276-6368

Attorneys for Defendant
JOSEPH BLANDON-SAAVEDRA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. EDCR 5:25-310-KK-1 |
|---|---|
| Plaintiff, | **Application: 1) to vacate the current trial date; 2) to vacate the briefing schedule on the current motion in limine (ECF No. 57); and 3) request for a status conference in light of the government's interlocutory Ninth Circuit appeal.** |
| v. | |
| JOSEPH BLANDON-SAAVEDRA | |
| Defendant. | |
| | **Trial: December 15, 2025** |
| | **Pretrial conference: December 1, 2025.** |

Defendant, Joseph Blandon-Saavedra, by and through counsel of record, Deputy Federal Public Defenders, Chad Pennington and Ayah Sarsour, hereby submits this application for an order: 1) to vacate the current trial date of December 15, 2025, pending the Ninth Circuit Court of Appeal's resolution of the government's interlocutory appeal of the Court's partial grant of the defense's dismissal motion; 2) to vacate the briefing schedule on

the current motion *in limine* (ECF No. 57) pending the Ninth Circuit Court of Appeal's resolution of the government's interlocutory appeal of the Court's partial grant of the defense's dismissal motion; and 3) request for a status conference in light of the government's interlocutory appeal. At approximately 6:54 p.m., today, November 18, 2025, the defense provided notice to the government of its intent to file the instant application. The defense, however, does not know currently whether the government takes a position on the instant filing.

                                        Respectfully submitted,
                                        CUAUHTEMOC ORTEGA
                                        Federal Public Defender

DATED: November 18, 2025   By /s/ *Chad Pennington*
                                        Chad Pennington
                                        Deputy Federal Public Defender

**Application for Relief**

On November 17, 2025, the government filed a notice of appeal under Federal Rule of Appellate Procedure 4(b). *See* ECF No. 64. In the notice, the government stated that it intended to file an interlocutory appeal, seeking circuit review of the Court's partial grant of the defense's dismissal motion and dismissal with prejudice of indictment count two. *See id.* Today, on November 18, 2025, the Ninth Circuit Court of Appeals opened an interlocutory appeal, *United States v. Blandon-Saavedra*, 25-7261 (9th Cir. 2025), and entered a scheduling order requiring the government-appellant to file an opening brief by February 9, 2026, and requiring Mr. Blandon-Saavedra-respondent to file an answering briefing by March 11, 2026. Oral argument has not been scheduled, however, certainly there may be oral argument set in the future.

Under the Speedy Trial Act, the government's filing of the interlocutory appeal statutorily tolls the Court's speedy trial calculation. *See* 18 U.S.C. § 3161(h)(1)(C). Until the Ninth Circuit's review of the government's appeal is resolved, there is no resulting loss of speedy trial time. Moreover, circuit resolution of the government's interlocutory appeal would prevent any judicial inefficiency in requiring empanelment of a petit jury on December 15, 2025, on count one, and empanelment of a second petit jury at a later date in the unlikely event the Ninth Circuit remanded count two. Accordingly, Mr. Blandon-Saavedra asks that the pretrial conference and trial settings be vacated pending the Ninth Circuit's resolution of the government's interlocutory appeal.

In addition, the Court should vacate briefing on the government's evidentiary motion at ECF No. 57 pending Ninth Circuit review of the Court's partial dismissal order. The Ninth Circuit's treatment of the Court's partial dismissal order and bad faith finding could impact the introduction of

evidence at trial. The Ninth Circuit should first resolve the Court's partial grant of dismissal before there is further briefing on the evidence adduced at trial because that appeal's resolution, including resolution of the Court's finding of bad faith, will potentially impact the flow and presentation of evidence at trial. Vacating the briefing deadlines on the pending evidentiary motion will avoid any potential inefficiencies stemming from proceeding on the motion now with the possibility of a remand from the Ninth Circuit. The parties will suffer no prejudice as they will be able to raise evidentiary issues in advance of the trial date scheduled after the Ninth Circuit review has been concluded.

Last, the defense seeks a status conference on the matters raised here and the impact of the government's pending appeal on this matter at the Court's earliest convenience and election. Mr. Blandon-Saavedra, at this time, seeks no further adjustment to the Court's current orders.[1]

                            Respectfully submitted,
                            CUAUHTEMOC ORTEGA
                            Federal Public Defender

DATED: November 18, 2025.   By  */s/ Chad Pennington*
                                                Chad Pennington
                                                Deputy Federal Public Defender

---

[1] Mr. Blandon-Saavedra asks that any responsive brief deadline on the pending evidentiary motion at ECF No. 57 be stayed pending resolution of this application.